# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * * *
JOSEPH MICHAEL D'ANGIOLINI,      *
                                 *        No. 99-578V
               Petitioner,       *        Special Master Christian J. Moran
                                 *
v.                               *        Filed: September 30, 2015
                                 *
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *        Award of attorneys' fees and costs
                                 *        on an interim basis, amount not
               Respondent.       *        disputed.
* * * * * * * * * * * * * * * * * * * * * * * *
```

Barry W. Krengel, Dolchin, Slotkin & Todd, P.C., Philadelphia, PA, for petitioner;
Heather L. Pearlman, United States Dep't of Justice, Washington, DC, for
respondent.

### DECISION AWARDING ATTORNEYS'
### FEES AND COSTS ON AN INTERIM BASIS[1]

Mr. D'Angiolini seeks compensation pursuant to the National Childhood
Vaccine Injury Compensation Program.  See 42 U.S.C. § 300aa—10 et seq.
(2012).  He alleges that doses of the hepatitis B vaccination caused his health to
deteriorate and he has produced reports from experts supporting this claim.

While the question of whether Mr. D'Angiolini is entitled to any
compensation remains pending at the Federal Circuit, he filed a motion requesting
a second award of attorneys' fees and costs on an interim basis.  Joint Stipulation,
filed August 28, 2015.  In that document, the Secretary has "elect[ed] not to raise

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17,
2002), requires that the Court post this decision on its website.  Pursuant to Vaccine Rule 18(b),
the parties have 14 days to file a motion proposing redaction of medical information or other
information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special
master will appear in the document posted on the website.

her statutory objection at this time in response to this particular request for interim attorneys' fees and costs." Id. at 2 n.1.

In regard to the amount of attorneys' fees and costs, the parties have compromised.  Mr. D'Angiolini has agreed to reduce the amount requested and the Secretary has not objected to the lower amount.

## PROCEDURAL HISTORY

The first decision awarding attorneys' fees and costs compensated Mr. D'Angiolini for work performed by his attorneys from the case's inception in 1999 through February 2012.  The decision also generally described the salient events in the litigation.  First Interim Fee Decision, 2012 WL 3249461 (July 18, 2012).

After February 2012, Mr. D'Angiolini obtained additional reports from experts, drafted a lengthy brief in advance of a hearing, prepared for the hearing, participated in a four-day hearing, and wrote a brief and reply after the hearing. This process led to a decision denying compensation.  Decision, 2014 WL 1678145 (March 27, 2014).

Following the decision denying compensation, Mr. D'Angiolini filed a motion for review.  The Court denied that motion, directing that judgment should be entered against Mr. D'Angiolini.  122 Fed. Cl. 86 (2015).  Mr. D'Angiolini's fee application includes preliminary steps for an appeal to the Federal Circuit.

## ANALYSIS

Broadly speaking, there are two issues.  The first is whether Mr. D'Angiolini should receive any attorneys' fees and costs at this time.  The second question is assuming that some award is appropriate, what is a reasonable amount.

## I.    Should Mr. D'Angiolini Be Awarded
Attorneys' Fees and Costs on an Interim Basis?

In Avera v. Sec'y of Health & Human Servs., the Federal Circuit stated that awards of attorneys' fees and costs on an interim basis are permitted in the Vaccine Program.  515 F.3d 1343, 1352 (Fed. Cir. 2008).  Although the Secretary has argued that the circumstances in which Avera permits an award of attorneys' fees and costs on an interim basis are relatively narrow in other cases, the undersigned

has disagreed with this argument.  See, e.g., Nuttall v. Sec'y of Health & Human Servs., No. 07-810V, 2011 WL 5926131, at *2 (Fed. Cl. Spec. Mstr. Nov. 4, 2011) (citing cases).  In light of these decisions, the Secretary did not press this argument.

A subsidiary question is whether an interim award should be made in this case, which is a matter of discretion.  This question turns on the circumstances of this case.

To be eligible for any award of attorneys' fees and costs, Mr. D'Angiolini must satisfy the standards for good faith and reasonable basis.  See 42 U.S.C. § 300aa—15(e) (2012).  The submission of expert reports fulfills the reasonable basis standard in this case.

Another question is whether an award of attorneys' fees and costs should be made now, that is, on an interim basis.  This issue involves consideration of various factors, including protracted proceedings, costly experts, and undue hardship.  Avera, 515 F.3d at 1351-52; McKellar v. Sec'y of Health & Human Servs., 101 Fed. Cl. 297, 300-01 (2011) (discussing Avera factors).

Mr. D'Angiolini satisfies these factors.  Although Mr. D'Angiolini has already received one interim award of attorneys' fees, that award reflected approximately 12 years of litigation.  After that first interim award he took significant steps to litigate his case, including a hearing and a motion for review. The amount of attorneys' fees and costs is consistent with these significant steps. Consequently, Mr. D'Angiolini will be awarded some amount of attorneys' fees and costs on an interim basis.

## II.     What Is A Reasonable Amount of Attorneys' Fees and Costs?

The second issue is determining a reasonable amount for attorneys' fees and costs.   For Mr. Krengel's firm, the Secretary agreed not to object to an award for $153,896.04 in attorneys' costs.  For Mrs. D'Angiolini, the Secretary agreed not to an object to an award of $6,194.00 for costs that she incurred.

In a September 30, 2015 status conference, the attorneys confirmed that the amounts discussed in the preceding paragraph correspond to all work done before through July 22, 2015.  A review of the material indicates that the components of Mr. D'Angiolini's request are reasonable.  He is awarded the amount to which the Secretary has not objected.

## III.    Conclusion

The petitioner is entitled to an award of interim attorneys' fees and costs. The special master determines that there is no just reason to delay the entry of judgment on interim attorneys' fees and costs.  Therefore, in the absence of a motion for review filed under RCFC Appendix B, **the clerk of court shall enter judgment in petitioner's favor for $160,090.04 in interim attorneys' fees and costs.**  The amount shall be paid in two separate checks: (1) a check made out to petitioner and Dolchin, Slotkin & Todd, P.C. in the amount of $ 153,896.04; and (2) a check made out to Mrs. D'Angiolini, solely, in the amount of $6,194.00. Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing the right to seek review.

IT IS SO ORDERED.

s/ Christian J. Moran
Christian J. Moran
Special Master